UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BARBARA REYNOLDS** | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) |
| **HON. WILLIAM TURRI,** <br> **U.S. Government Printing Office,** | ) Civil Action No. 07-28 (RCL) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to LCvR 16.3, the parties hereby report to the court that counsel for the parties conferred on August 6, 2007. As a consequence of this conference, the parties hereby report to the Court as follows:

1. <u>Case Scheduling</u>: There are no pending motions. However, defendant believes that some of all of the claims in this case may be resolved through a dispositive motion; plaintiff disagrees.

2. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the necessity to join third parties or to amend the pleadings further. Neither party believes that the legal or factual issues can be narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>: The parties do not consent to assignment of this case to a magistrate judge for all purpose.

4. <u>Settlement Possibility</u>: The parties do not see a realistic possibility of settlement at this time. Defendant believes that such discussions, if any, would be more appropriate after the completion of discovery in this case.

5. <u>Alternative Dispute Procedures</u>: At this time, the parties do not believe that the case could benefit from the Court's ADR process. The parties will inform the Court if it appears that mediation might be useful prior to the completion of discovery.

6. <u>Dispositive Motions</u>: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties suggest that any post-discovery dispositive motion should be filed within sixty (60) days after the close of discovery, that any opposition to that motion should be filed within forty-five (45) days of the filing of the dispositive motion, and that any reply to the opposition should be filed within thirty (30) days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties propose that initial disclosures be waived.

8. <u>Discovery</u>: The parties propose that discovery be completed by April 30, 2008. The parties believe that this time is necessary to complete discovery because approximately fifteen (15) individuals were involved in the selection process, many of whom are no longer employed by the defendant. Moreover, anticipating consolidation, there will be four (4) plaintiffs whose qualifications will be addressed.

Upon consolidation, the plaintiff proposes that interrogatories, requests for production of documents, and requests for admissions be limited to twenty-five (25) per party. The plaintiff proposes that the parties be limited to twenty (20) depositions per side with each deposition limited to seven (7) hours. Defendant proposes that interrogatories be limited to fifty (50), requests for production of documents be limited to thirty-five (35), and requests for admission be limited to thirty-five (35) per side. Defendant proposes that the parties be limited to eighteen (18) depositions per side with each deposition limited to seven (7) hours. The defendant asserts that the reason for consolidating the cases is to limit the need for repetitive and redundant

discovery.[1]

The parties anticipate that sensitive personal and/or medical information may be exchanged during the course of discovery in this case.  Thus, the parties will submit an appropriate protective order for the Court's approval.  The parties agree that documents in electronic format will be produced in a form as close as possible to the original, and that the parties will continue to confer as document production becomes imminent.

9. <u>Experts</u>:  The parties propose that plaintiff's expert disclosures be served within forty-five (45) days after the entry of the scheduling order, and that defendant's expert disclosures should be served within sixty (60) days after service of plaintiff's expert disclosures.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

12. <u>Proposed Date For The Pretrial Conference</u>: The parties propose that the scheduling of a pre-trial date should await the outcome of dispositive motions.

13. <u>Trial Date</u>: The parties propose that the pre-trial and trial be scheduled after the outcome of dispositive motions.

14. <u>Other Matters:</u> The parties propose that, for discovery purposes only, this case be consolidated with the following related cases: <u>Shirley Wilson v. Hon. William Turri</u>, Civil Action No. 07-25; <u>Tarsha Kelley-Jones v. Hon. William Turri</u>, Civil Action No. 07-26; and <u>Michele Stevenson v. Hon. William Turri</u>, Civil Action No. 07-27.

---

[1] Defendant notes that plaintiff's discovery proposal would enable the four (4) plaintiffs to collectively issue one hundred (100) interrogatories, document requests and admission requests to defendant, while defendant would be limited to twenty-five (25) of each type of written discovery.  <u>See</u> Paragraph 14.

Respectfully submitted,

/s/
JIMMY A. BELL, Bar # MD14639
Law Office of Jimmy A. Bell, Esq.
9610 Marlboro Pike
Upper Marlboro, Maryland
telephone: 301-599-7620
Attorney for Plaintiff

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
DIANE SULLIVAN, D.C. Bar # 12765
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorneys
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
telephone: 202-514-7205
Attorneys for Defendant